HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TISHA E RENNER, | CASE NO. C18-5624 RBL |
| Plaintiff, | ORDER |
| v. | |
| PIERCE COUNTY SHERIFF, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Renner's Motion for leave to proceed *in forma pauperis*, supported by her proposed complaint [Dkt. # 1]. This is at least the fourth case Trisha Renner has filed in the past two years. In each case, she claims she was involved in some altercation, officers were called, and she was arrested and transported to the hospital. *See* Cause Nos. C17-5241RBL, C17-5928RBL, 18-5626RBL, and this case. In at least two of the cases, her vehicle was also towed.

Here, Renner claims that that she was assaulted in Parkland, Washington by an unnamed assailant in June of this year. She was bleeding and required stiches. She claims police officers arrived, pepper-sprayed, arrested, and handcuffed her, and then transported her to the Emergency Room at St. Claire hospital. She seeks $14500 for pain and suffering, and "relief of duty" for the

officers who violated her civil rights and did not protect and serve her (presumably, from the assailant). She asserts a § 1983 claim against the Pierce County Sheriff, "Officer Provost," "Officer Laiuppa" and Officer John Doe.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995

(9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Renner's proposed complaint does not meet this standard. She does not articulate what, if anything, and of the defendants did to her, or why. She concedes she was assaulted by someone who is not a defendant, and seems to suggest that her claim is based on the officers' failure to prevent that assault from happening. Such a claim fails as a matter of law.

The Court is not unsympathetic to Ms. Renner's condition or her various run-ins with police officers and others. But she cannot state a plausible claim based on the incident she has described. Her Motion for Leave to Proceed *in forma pauperis* is DENIED, and she must pay the filing fee within 21 days or this matter will be DISMISSED.

IT IS SO ORDERED.

Dated this 13th day of August, 2018.

_____
Ronald B. Leighton
United States District Judge